## Haueisen Estate

*Dawson H. Muth*, for petitioner.
*Terry R. Fisher*, for respondent.

424

WESNER, *J.*, November 20, 1979—The intestate heir of decedent filed an appeal from probate of the will dated December 22, 1978. The petition was based generally upon the grounds of lack of testamentary capacity and undue influence in the execution of the will. Preliminary objections were filed on behalf of the proponents of the will to the petition sur appeal alleging, inter alia: (1) That the petitioner failed to obtain bond for appeal as required by statute; (2) That petitioner failed to make the executor in the will a party to this action; (3) That the petitioner fails to set forth sufficient facts and circumstances to support the averments of undue influence and duress and lack of testamentary capacity. Argument on the preliminary objections was held on August 2, 1979, before the Honorable Grant E. Wesner.

The prior practice of requiring a bond for appeal has been modified by the amendment of July 9, 1976, to section 908 of the Probate, Estates and Fiduciaries Code. The rule, as amended, requires bond only at the discretion of the register of wills:

"Bond.—The court, upon cause shown and after such notice, if any, as it shall direct, may require a surety bond to be filed by anyone appealing from a decree of the register conditioned for the payment of any costs or charges that may be decreed against him. The sufficiency of the surety shall be determined by the register in the first instance, with right of appeal to the court. If a bond in compliance with the final applicable order is not filed within ten days thereafter, the appeal shall be considered abandoned." As amended July 9, 1976, P.L. 551, sec. 3, immediately effective, 20 Pa.C.S.A. §908.

It is apparent, then, that this contention is without merit, since no bond was required by the register of wills.

Respondents next contend that petitioner has failed to join a necessary party, the executor of the will, as a party to this action. Rule 3.1 of the Supreme Court Orphans' Court Rules (Berks County Orphans' Court Rule 31) provides that pleading and practice shall conform to the pleading and practice of equity in the local court of common pleas. Pa.R.C.P. 1501, pertaining to those actions in equity, states that except as otherwise provided in the chapter on equity, the procedure in an action for equity shall be in accordance with the rules relating to the action of assumpsit.

Accordingly, our inquiry is directed to Pa.R.C.P. 2227 relating to joinder of parties:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder." Adopted June 7, 1940, effective February 5, 1941; amended and effective April 18, 1975.

It is the opinion of this court that the executor of a will is a person having a joint interest in the subject matter of a will contest and must be joined as a party. It may be that an executor of a will may not be allowed to appeal from a refusal to probate the instrument, but it is clear that an executor should be a party and should be served with a copy of a petition for citation sur appeal from the probate. Otherwise, the executor might proceed with his duties, and not be duly warned of the existence of the appeal from probate of the will: Evans Estate, 15 D. & C. 2d 619 (1958). The record indicates that the executor was served with a copy of the petition sur appeal. It does not appear that joinder of the

executor of the will as a party to this action will present any serious problems and should be readily accomplished.

Finally, respondents contend that petitioner failed to state the material facts on which his cause of action was based and should be required to file a more responsive pleading: Pa.R.C.P. 1019. We agree and hold that the words contained in paragraphs five and six of the petition amount only to legal conclusions. Paragraphs five and six of the petition for citations state:

"5. That your Petitioner believes and expects to be able to prove that at the time of the execution of the said writing, the physical and mental condition of the decedent was greatly impaired by sickness and infirmity, and that he was not a person of sound mind, capable of disposing by Will of his Estate; and further, that said writing was procured by the undue influence, duress and constraint practiced upon the decedent by Florence M. Fahringer and by others whom your Petitioner is unable to name.

"6. That at the time of the execution of the said alleged Will, the decedent was 78 years old, suffering from numerous illnesses, including diabetes, impairment of kidney function and of other organs, as well as a serious impairment of his mental functions including his memory and judgment and his general function of the intellect."

There are no facts and circumstances recited therein or in any other part of the petition which would substantiate any suggestion that the mind of the testator was impaired or that he was incapable of making a will: Miller Estate, 25 D. & C. 2d 617 (1961). Admittedly, paragraph six contains a refer-

ence to diabetes and "kidney problems," but these averments alone do not enable respondent to answer the petition properly.

Similarly, there is an absence of any statement from which the court could determine facts and circumstances upon which the charge of undue influence is founded. Paragraph nine alleges that "she refused to permit his [decedent's] friends and relatives to visit him [and] frequently threatened decedent with statements of her intention of leaving his employ[.]" Opportunity for undue influence, suspicion, and conjecture, do not create or amount to proof of either confidential relationship or undue influence. Where there is no evidence that the beneficiary solicited the will or procured it to be written, or that her advice was sought or taken, the existence of intimate friendly relations between the testator and the beneficiary, such as living with him, nursing him and managing his business do not import undue influence: Thompson Will, 387 Pa. 82, 126 A. 2d 740 (1956). The petition, to be sufficient, must set forth facts which would establish a substantial dispute: Lare Will, 352 Pa. 323, 42 A. 2d 801 (1945). Legal conclusions, such as those presented by petitioner, will not suffice.

We have considered the remaining contention of respondent and find it without merit. In conformity with this opinion, we enter the following

## ORDER

And now, November 20, 1979, this court sustains preliminary objections 3, 4, 5, 6 and 8, but denies all others. Petitioners are given 30 days to file an amended petition which shall join the executor as a party.